# DISTRICT COURT OF THE VIRGIN ISLANDS
# DIVISION OF ST. CROIX

| | |
|---|---|
| KENNEDY FUNDING, INC., AS AGENT FOR CERTAIN CO-LENDERS, ) ) ) | |
| Plaintiff, ) ) | |
| v. ) | Civil Action No. 2012-0009 |
| ) | |
| ORACLE BUSINESS DEVELOPMENTS, LLC, ) A VIRGIN ISLANDS LIMITED LIABILITY ) COMPANY, JOSEPH JAGRUP, MEINRAD ) JAGRUP, MARY JAGRUP, THE INTERNAL ) REVENUE SERVICE OF THE UNITED STATES ) OF AMERICA, ERIC A. CANTON AND ) ELAINE S. CANTON, ) ) | |
| Defendants, ) ) | |

**Attorneys:**
**Matthew J. Duensing, Esq.,**
St. Thomas, U.S.V.I.
    *For Plaintiff*

**Nizar A. Dewood, Esq.,**
St. Croix, U.S.V.I.
    *For Defendants Meinrad Jagrup and Mary Jagrup*

**Angela Tyson-Floyd, Esq.,**
St. Croix, U.S.V.I.
    *For Defendant Internal Revenue Service*

**Edward H. Jacobs, Esq.,**
St. Croix, U.S.V.I.
    *For Defendant/Cross-Claimant/Third-Party Plaintiff Elaine S. Canton*

## MEMORANDUM OPINION

**Lewis, Chief Judge**

THIS MATTER comes before the Court on the "Motion by Elaine S. Canton for Summary Judgment" filed by Defendant/Cross-Claimant/Third-Party Plaintiff Elaine S. Canton ("Mrs. Canton") against Defendants Oracle Business Developments, LLC ("Oracle"), Meinrad

Jagrup, Mary Jagrup, and Winsbert Jagrup. (Dkt. No. 79). For the reasons discussed below, the Court will grant in part and deny in part Mrs. Canton's Motion for Summary Judgment. Specifically, the Court will grant the Motion for Summary Judgment against Meinrad Jagrup and Mary Jagrup, and will deny the Motion, without prejudice, against Oracle and Winsbert Jagrup.

## I. BACKGROUND

On January 31, 2012, Plaintiff Kennedy Funding, Inc., as Agent for Certain Co-Lenders ("Kennedy") filed a Complaint against Defendants Oracle, Joseph Jagrup, Meinrad Jagrup, Mary Jagrup, the Internal Revenue Service of the United States ("IRS"), Eric A. Canton, and Elaine S. Canton, alleging causes of action for debt and foreclosure of real property mortgages, enforcement of UCC lien, and enforcement of security agreement, and seeking judgment on the priority of liens. (Dkt. No. 1).

On September 19, 2008, Oracle executed a promissory note (the "Note") in which it promised to repay Kennedy the principal amount of $820,000.00, together with interest at variable rates and according to the timeline provided in the Note, with interest-only payments due upon commencement of the loan and continuing thereafter. (*Id.* ¶ 12).[1] Repayment of the Note, as well as repayment of all other indebtedness to Kennedy incurred by Oracle, was secured by a Mortgage and Security Agreement on real property, executed on September 19, 2008 (the "Coakley Mortgage") covering the premises described in the Warranty Deed as:

> Plot No. 73 of Estate Castle Coakley, Queen Quarter, consisting of 1.0 U.S. acre, more or less, as more fully shown and described on OLG Drawing No. 3260, dated March 12, 1976, revised May 17, 1982.

(Dkt. No. 91-2) (the "Coakley Mortgaged Property").

---

[1] The Note was signed by Meinrad Jagrup as Manager of Oracle. (Dkt. No. 83-1).

Kennedy's Complaint also provided that repayment of the Note was secured, *inter alia,* by a Mortgage and Security Agreement executed on September 19, 2008 (the "Hope Mortgage") from Meinrad and Mary Jagrup to Kennedy. (*Id.* ¶ 15). The Hope Mortgage covers the premises described in the Warranty Deed as:

> Plot No. 34 (1.29 U.S. acres more or less); of Estate Hope, Prince Quarter, as more fully described on PWD No. 5024, dated March 15, 1996.

(Dkt. No. 91-1) (the "Hope Mortgaged Property"). The Complaint alleged that Kennedy's "Hope Mortgage is a First Priority Mortgage pursuant to a Subordination Agreement between Eric. A. Canton and Elaine S. Canton (together, the "Cantons") and Kennedy Funding Inc. dated September 19, 2008[.]" (Dkt. No. 1, ¶ 15). The Cantons were identified in the Complaint as junior lienholders in the Hope Mortgaged Property (*id.* ¶¶ 9, 10), and the IRS was named as a Defendant because it allegedly had a lien against the Coakley Mortgaged Property (*id.* ¶ 11).

The Complaint further alleged that Oracle failed to make the interest payments required by the Note, despite demand, and defaulted under those instruments as well as under both mortgages. (*Id.* ¶¶ 23-27). As a result, Kennedy elected to declare the entire principal sum with all unpaid accrued interest and late charges immediately due and payable. (*Id.* ¶ 28). Kennedy sought various forms of relief, including all principal and interest due; a declaration enforcing and foreclosing its first priority liens on both the Coakley and Hope Mortgaged Properties; a determination of the priority of liens; foreclosure of all junior liens; and a deficiency judgment. (*Id.* at 6-7).

The Cantons were served with the Summons and Complaint on February 13, 2012. (Dkt. Nos. 15, 16). On March 2, 2012, the Cantons filed an Answer in which they admitted, *inter alia*, that they were junior lienholders on the Hope Mortgage. (Dkt. No. 13, ¶¶ 9, 10). The Cantons

also filed a Cross-Claim against Oracle, Meinrad Jagrup and Mary Jagrup (Dkt. No. 13-1), and a Third Party Complaint against Winsbert Jagrup (Dkt. No. 13-2).

In their Cross-Claim, the Cantons alleged that, on September 19, 2008, Oracle delivered to them a promissory note in the amount of $950,000.00 (the "Canton Note"), payable in installments of interest, with all principal and interest then owing due in a balloon payment on October 19, 2010. (Dkt. No. 13-1, ¶ 9). As security for the Canton Note, Meinrad and Mary Jagrup executed a Second Priority Mortgage over the Hope Mortgaged Property. (*Id.* ¶ 10). Also on September 19, 2008, Winsbert Jagrup executed and delivered to the Cantons his guaranty (the "Guaranty") of the Canton Note. (*Id.* ¶ 11). The Cross-Claim asserted that Oracle failed to pay "many of the installments of interest" that were due prior to the final balloon payment, and failed to pay the balloon payment on October 19, 2010. Because a default under the Canton Note was a default under the Second Priority Mortgage, the Cantons elected to foreclose their interest in the Hope Property as provided under the terms of that Mortgage. (*Id.* ¶¶ 13, 14). They also made demand upon Winsbert Jagrup under the Guaranty, and he failed to make any payment to them. (*Id.* ¶ 12). In their Cross-Claim, the Cantons sought reimbursement of all sums which they may have to make in connection with the sale of the property, including reasonable attorney's fees incurred in the prosecution of the foreclosure action, (*id.* ¶ 15); judgment against Oracle on all sums due and owing under the Canton Note (*id.* ¶ 21); judgment against Winsbert Jagrup on all sums due and owing under the Guaranty (*id.* ¶ 23); and foreclosure of the Second Priority Mortgage against Meinrad Jagrup and Mary Jagrup (*id.* ¶ 26).

The Third Party Complaint against Winsbert Jagrup sought judgment of debt against him, based on similar allegations contained in the Cross-Claim. (Dkt. No. 13-2).

The docket report shows that summons were returned executed on Meinrad Jagrup and Mary Jagrup on April 26, 2012. (Dkt. Nos. 31, 34).[2] Oracle never appeared in this case in reference to the Cross-Claim, and Winsbert Jagrup never appeared in reference to the Third Party Complaint, although both were served. (Dkt. Nos. 32, 33, 48, 53). On May 23, 2012, the Cantons filed applications for entry of default against, *inter alia*, Oracle and Winsbert Jagrup. (Dkt. Nos. 35, 38). On March 25, 2013, the Clerk of Court entered default against Winsbert Jagrup on the Third Party Complaint. (Dkt. No. 56). The Clerk of Court did not enter default against Oracle on the Cantons' Cross-Claim.[3]

On February 22, 2013, Attorney Nizar DeWood filed a Notice of Appearance on behalf of Mary Jagrup. (Dkt. No. 54).

In July 2013, the Cantons sought leave to amend her Answer, Cross-Claim and Third Party Complaint because, in the interim, Elaine Canton's former husband, Eric Canton, had assigned to her his interest in the $950,000.00 September 19, 2008 Promissory Note from Oracle; his interest in the September 19, 2008 Guaranty of the Canton Note from Winsbert Jagrup; and his status as mortgagee of the September 19, 2008 Second Priority Mortgage from Mary Jagrup and Meinrad Jagrup pertaining to the Hope Mortgaged Property. (Dkt. Nos. 66, 66-

---

[2] Affidavits of Service for Meinrad and Mary Jagrup were also docketed on October 19, 2012. (Dkt. Nos. 51, 52).

[3] The Court notes that the Cantons' Application for Entry of Default against Oracle (Dkt. No. 35) was premised on service of the Cross-Claim on Winsbert Jagrup. The Return of Service contains no indication that he was a proper party to accept service on behalf of Oracle. (Dkt. No. 32). The Cantons later filed an Affidavit of Service providing that their Cross-Claim was served on Oracle in care of Joseph Jagrup, who was "authorized according to law to receive such process." (Dkt. No. 48-1). However, since the Cantons' earlier Application for Entry of Default against Oracle (Dkt. No. 35) was premised upon a person not authorized to accept service, the Clerk of Court did not enter default against Oracle on the Canton's Cross-Claim. Mrs. Canton will have to refile her Application for Entry of Default against Oracle premised upon service on the proper person—*i.e.*, attaching Dkt. Nos. 48, 48-1.

1). The Cantons consequently sought to "remove Eric A. Canton as a party to the lawsuit" since Mrs. Canton alone now had the status that the Cantons previously held together. (*Id.*). The Court granted the Motion permitting amendment of the filings (Dkt. No. 67)[4] and, in October 2013, Mrs. Canton filed an Amended Answer; an Amended Cross-Claim against Oracle, Meinrad and Mary Jagrup; and an Amended Third Party Complaint against Winsbert Jagrup. (Dkts. No. 71, 72, 73).

Meinrad and Mary Jagrup, through Attorney DeWood, answered the Amended Cross-Claim. (Dkt. No. 74).

On December 9, 2013, Mrs. Canton filed the instant Motion for Summary Judgment against Oracle, Meinrad Jagrup, Mary Jagrup, and Winsbert Jagrup based on her Amended Cross-Claim and Amended Third Party Complaint. (Dkt. No. 79). She filed a Declaration (Dkt. No. 79-1); a Statement of Material Facts (Dkt. No. 79-4); a Memorandum of Law (Dkt. No. 79-5); and various documents in support.

In her Memorandum of Law, supported by the Statement of Material Facts, Declaration and attached documents, Mrs. Canton described the events leading up to her and her former husband acquiring the Second Priority Mortgage on the Hope Property. On September 19, 2008, the Cantons sold the Hope property to Oracle. They provided $950,000.00 in seller financing as part of the transaction, as represented by the $950,000.00 Canton Note, made and delivered by

---

[4] Although the Cantons' Motion to Amend was granted, in which they requested that Eric Canton's name be removed from the lawsuit, the parties never filed a document pursuant to Fed. R. Civ. P. 41 formally removing him from this case. In any event, based on the representations in the Motion to Amend, Eric Canton no longer has an interest in the Hope Mortgaged Property. In this Memorandum and Opinion and the accompanying Order, the Court will accept the Cantons' representation that only Elaine S. Canton has an interest in the Hope Mortgaged Property.

Oracle and guaranteed by Winsbert Jagrup, at closing. (Dkt. No. 79-5 at 1).[5] The terms of the Canton Note provided that interest only payments (at 7.25% per annum interest) would be made monthly, and all accrued interest and the entire principal would be due twenty-five months after the September 19, 2008 closing. (Dkt. No. 79-5 at 2). The terms were based on anticipated refinancing of both loans by Oracle—which never transpired. (*Id.*) The Canton Note was accompanied by the Guaranty executed by Winsbert Jagrup, an owner of Oracle. (*Id.* at 2).

The Memorandum of Law recounted that Kennedy, which provided primary financing to Oracle for the purchase of the Castle Coakley property, would not allow the Castle Coakley property to be used as security for the debt owed by Oracle to the Cantons, insisting that it be the sole mortgagee on that property. (*Id.* at 1). As a result, Meinrad Jagrup and Mary Jagrup—family members of the Jagrups who owned and operated Oracle—agreed to post their Estate Hope property as security for both the Oracle debt to Kennedy as well as for the Oracle debt to the Cantons. Kennedy, however, insisted that it have first priority status regarding the Hope property, with the Cantons as second mortgagees. (*Id.* at 2).

The Memorandum of Law further provided that Oracle defaulted under the Canton Note and Winsbert Jagrup defaulted under the Guaranty; that Mrs. Canton informed Oracle, Winsbert Jagrup, Meinrad Jagrup, and Mary Jagrup of these defaults; and that despite demand for performance by Mrs. Canton, these Defendants failed to perform. (*Id.*)

The Memorandum of Law sets forth amounts due on the Canton Note. The entire unpaid principal of $950,000.00 was due and owing, as no payment of principal was ever made. (Dkt. No. 79-5 at 2). Oracle paid one year of monthly interest payments on the unpaid principal balance through and including September 19, 2009. (Dkt. No. 79-1 ¶¶ 10, 12). At 7.25% interest,

---
[5] Oracle provided a partial down payment. (Dkt. No. 79-5 at 1).

the $950,000.00 loan would result in earned interest of $143,489.50, for the twenty-five month period before the balloon payment ending on October 19, 2010. Since Oracle made twelve interest payments of $5,739.58, totaling $68,874.96, of the twenty-five payments due, the difference between those two figures, or $74,614.54, was due and owing as interest for the first twenty-five months. (Dkt. No. 79-5 at 3-4).

Mrs. Canton avers that Oracle paid her an additional $17,000.00. However, $11,800.00 of that amount was earmarked to reimburse her for a loan she made to Oracle to make payroll and to pay her for six weeks of post-closing consulting (at the rate of $1,500.00 per week), leaving $5,200.00 as a net interest payment on the Canton Note. (Dkt. No. 79-5 at 2).[6]

Finally, Mrs. Canton asserted that because no interest rate was specified in the Canton Note to be assessed on the amount due and owing after the balloon payment was to have been made, all amounts due would be charged interest at the "legal rate" of 9% per annum, as specified in 11 V.I.C. § 951(a). (Dkt. No. 79-1, ¶ 10). Mrs. Canton calculated the interest from October 19, 2010 through December 19, 2013 at 9% per annum, amounting to $270,750.00. (Dkt. No. 79-5 at 4).

Mrs. Canton added the various amounts together: (1) $74,614.62 which remained due in interest for the first twenty-five months; (2) $270,750.00 in interest from October 19, 2010 through December 19, 2013; (3) plus $950,000.00 in principal. She thus sought a total judgment of $1,295,364.62 through December 19, 2013, with interest at 4% per annum on the Judgment

---

[6] Mrs. Canton explained that Oracle made payments to her as compensation for her working as a consultant for the sum of $1,500.00 per week for six weeks following the closing, totaling $9,000.00, and repaid a $2,800.00 loan she gave Oracle on October 22, 2009 to assist the company in paying its employees. Oracle also paid the following amounts to Mrs. Canton: $500.00 in August 2011; $1,000.00 in October 2011; $500.00 in December 2011; and $2,000.00 in January 2012; totaling $5,200.00 in additional interest paid beyond the first year of accrued interest. (Dkt. No. 79-1, ¶¶ 13, 14). It is unclear from the documentation provided where Mrs. Canton credited the $5,200.00 in additional interest paid by Oracle.

after it is entered. (*Id.*) Mrs. Canton stated that she would apply for an award of costs and attorney's fees once Judgment was entered. (*Id.*)

Kennedy subsequently filed a Motion for Default Judgment against Oracle, Joseph Jagrup, Meinrad Jagrup and Mary Jagrup, and a Motion for Summary Judgment determining the priority of liens against the Cantons and the IRS. (Dkt. No. 81). The Court issued a Memorandum Opinion and Order on February 4, 2016 which, *inter alia*, denied Kennedy's Motion for Default Judgment against Oracle, Meinrad Jagrup and Mary Jagrup, and granted Kennedy's Motion for Summary Judgment as to the Cantons and IRS. (Dkt. No. 94). The Court found that Kennedy had a first priority lien on the Hope Mortgaged Property and the Cantons had a second priority lien on that property. (*Id.* at 22-23). The Order issued in conjunction with that Memorandum Opinion directed Kennedy to submit supplemental filings regarding its Motion for Default Judgment. (Dkt. No. 93). Following the additional briefing, the Court granted Kennedy's Motion for Default Judgment against Defendants Oracle, Mary Jagrup, and Meinrad Jagrup; denied with prejudice Kennedy's Motion for Default Judgment against Joseph Jagrup; and awarded damages and attorney's fees to Kennedy. (Dkt. Nos. 100, 101).

## II. APPLICABLE LEGAL PRINCIPLES

### A. Summary Judgment

To prevail on a motion for summary judgment, a movant must show that there is "no genuine dispute as to any material fact," and that, on the uncontroverted facts, it is "entitled to judgment as a matter of law." FED. R. CIV. P. 56(a); *see also Bonkowski v. Oberg Indus.*, 787 F.3d 190, 195 n.1 (3d Cir. 2015). The moving party bears the initial burden of demonstrating the absence of a genuine dispute of material fact. *Goldenstein v. Repossessors Inc.,* 815 F.3d 142, 146 (3d Cir. 2016) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986)). Once the moving

party has met this burden, the non-moving party "must set forth specific facts showing a genuine issue for trial and may not rest upon mere allegations, general denials, or . . . vague statements." *Patterson v. Glory Foods, Inc.*, 555 F. App'x 207, 211 (3d Cir. 2014) (quoting *Quiroga v. Hasbro, Inc.*, 934 F.2d 497, 500 (3d Cir. 1991) (internal quotation marks omitted; alteration in original)); *see also* FED. R. CIV. P. 56(c).

In reviewing a motion for summary judgment, "[a]ll facts are viewed in the light most favorable to the non-moving party, who is 'entitled to every reasonable inference that can be drawn from the record.'" *Seamans v. Temple Univ.*, 744 F.3d 853, 859 (3d Cir. 2014) (quoting *Merkle v. Upper Dublin Sch. Dist.*, 211 F.3d 782, 788 (3d Cir. 2000)). In addition, "at the summary judgment stage, a court may not weigh the evidence or make credibility determinations; these tasks are left to the fact-finder." *Anderson v. Warden of Berks County Prison*, 602 F. App'x 892, 895 (3d Cir. 2015) (quoting *Boyle v. Cnty. of Allegheny Pa.*, 139 F.3d 386, 393 (3d Cir. 1993) (internal quotation marks omitted)).

The role of the court is to "determine whether there is a genuine issue for trial." *Stiegel v. Peters Twp.*, 600 F. App'x 60, 63 (3d Cir. 2014) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986) (internal quotation marks omitted)). A genuine issue of material fact exists when the fact-finder, viewing the record evidence, could rationally find in favor of the non-moving party. *See Anderson*, 477 U.S. at 248. When a genuine issue of material fact exists, summary judgment is inappropriate. *See Santini v. Fuentes,* 795 F.3d 410, 420 (3d Cir. 2015) (citations omitted).

"'Generally, debt actions are well suited for summary judgment. Because of the relative simplicity of the issues involved, suits to enforce promissory notes are among the most suitable classes of cases for summary judgment.'" *Flagstar Bank, FSB v. Lyles*, 2017 WL 987448, at *3

(D.V.I. March 14, 2017) (internal quotation marks and citations omitted). To succeed on a debt and foreclosure action, the plaintiff must show: (1) the debtor executed a promissory note and mortgage; (2) the debtor is in default under the terms of the note and mortgage; and (3) the lender is authorized to foreclose on the property mortgaged as security for the note. *Id.* (internal quotation marks and citations omitted); *see also Anthony v. FirstBank Virgin Islands,* 2013 WL 211707, at *5, 58 V.I. 224 (V.I. 2013) (quoting *Thompson v. Florida Wood Treaters, Inc.,* 2009 WL 4730784, at *3 (D.V.I. Dec. 6, 2009)); Am. Jur. 2d Mortgages § 633 (2008) (foreclosure requires valid mortgage, default on part of mortgagor, and foreclosure in compliance with terms of contract).

### III. ANALYSIS

#### A. Summary Judgment against Oracle and Winsbert Jagrup

Mrs. Canton seeks summary judgment against Cross-Claim Defendant Oracle and Third-Party Defendant Winsbert Jagrup on her debt cause of action, despite the fact that Oracle has never appeared in either the Kennedy action or in response to Mrs. Canton's Cross-Claim, and Winsbert Jagrup has never appeared in response to Mrs. Canton's Third Party Complaint against him. In fact, the Cantons filed applications for Entry of Default against Oracle and Winsbert Jagrup (Dkt. Nos. 35, 38), and the Clerk of Court entered a default against Winsbert Jagrup. (Dkt. No. 56). Because of the service deficiency noted above (*see* n.3, *supra*), the Clerk of Court did not enter default on the Cantons' Cross-Claim against Oracle.

In any event, since neither Oracle nor Winsbert Jagrup have appeared in this case, summary judgment against them is not appropriate. *See Davis-Lynch, Inc. v. Moreno*, 667 F.3d 539, 554 (5th Cir. 2012) ("An order that essentially amounts to a default judgment is not appropriate on a motion for summary judgment."); *Whitney Bank v. McDonough*, 2014 WL

12577081, at *1 (M.D. Fla. Sept. 30, 2014) ("The natural progression of the Court's determination that Defendant has made no appearance in this case requires a finding that Plaintiff's Motion for Summary Judgment is not proper at this time.") (citing cases holding that motion for default judgment was appropriate avenue for relief if defendant has not appeared). Accordingly, the Court will deny, without prejudice, Mrs. Canton's Motion for Summary Judgment against Oracle and Winsbert Jagrup. The Court will permit Mrs. Canton to submit an application for entry of default against Oracle to the Clerk of Court, followed by a Motion for Default Judgment against Oracle and Winsbert Jagrup.[7]

### B. Summary Judgment against Mary and Meinrad Jagrup

Although Mary and Meinrad Jagrup filed an Answer to Mrs. Canton's Cross-Claim (Dkt. No. 74), they did not oppose her motion seeking summary judgment against them on the foreclosure cause of action. Notwithstanding that Mary and Meinrad Jagrup elected not to respond to Mrs. Canton's Motion for Summary Judgment, the Court may not simply grant Mrs. Canton's Motion against them because "[t]he failure to respond to a motion for summary judgment does not automatically entitle the moving party to the relief sought." *Bates v. Laskiewicz*, 2012 WL 32936, at *2 (D.N.J. Jan. 6, 2012) (citing *Anchorage Assocs. v. V.I. Bd. of Tax Review*, 922 F.2d 168, 175 (3d Cir. 1990)). The moving party must show entitlement to such relief. *See* Fed. R. Civ. P. 56(e)(3) (providing that if a party fails to properly address an opposing party's factual assertions, the court may grant summary judgment "if the motion and supporting materials—including the facts considered undisputed—show that the movant is entitled to it[.]").

---

[7] In an effort to resolve the matters against Oracle and Winsbert Jagrup that remain to be addressed, the Court directs Mrs. Canton to the Order issued on April 20, 2015 directing Plaintiff Kennedy to submit additional documentation in support of its Motion for Default Judgment. (Dkt. No. 89)

Mrs. Canton has provided a copy of the Canton Note, dated September 19, 2008, executed by Meinrad Jagrup, as Manager of Oracle, in which Oracle promised to pay the Cantons the principal sum of $950,000.00, together with interest at the rate of 7.25% per annum, with all outstanding costs, interest, and principal to be paid in full not later than twenty-five months after the date of the Note. (Dkt. No. 79-2). Attached to the Note was the Guaranty, signed by Winsbert Jagrup, which unconditionally guaranteed the full payment of the Canton Note. (*Id.*)

Mrs. Canton also submitted a copy of the Second Priority Mortgage on the Hope Mortgaged Property, executed by Meinrad Jagrup and Mary Jagrup on September 19, 2008, to secure payment on the Canton Note. (Dkt. No. 79-3). Based on the foregoing, Mrs. Canton has shown that Meinrad and Mary Jagrup executed the Mortgage. Accordingly, there is no genuine dispute of material fact as to whether they executed this document, and Mrs. Canton has satisfied the first requirement to succeed on summary judgment on a foreclosure claim in the Virgin Islands.

Through her Declaration, made under penalty of perjury, Mrs. Canton provided evidence that Oracle was in default under the Canton Note, and Winsbert Jagrup was in default under the terms of the Guaranty, for failing to make payments of principal and interest due under each document, respectively. (Dkt. No. 79-1, ¶¶ 7, 8). In addition, Mrs. Canton averred that Oracle, Winsbert Jagrup, Meinrad Jagrup and Mary Jagrup were all informed of Oracle's failure to perform under the Canton Note and Winsbert Jagrup's failure to perform under the Guaranty, and that demands were made for their performance to no avail. (*Id.*, ¶¶ 8, 9). Moreover, the Hope Mortgage permits suit to enforce its terms, including an action in foreclosure. (Dkt. No. 79-3, ¶¶ 4, 11). Mrs. Canton has also shown that she alone is entitled to enforce the instruments. (Dkt.

Nos. 66-1, and 79-1, ¶¶ 2, 9). Thus, Mrs. Canton has satisfied the second and third requirements of a foreclosure claim—that the debtor is in default and that Mrs. Canton is authorized to foreclose on the property.

The Court finds Mrs. Canton has shown that no issue of material fact exists on her foreclosure cause of action against Cross-Claim Defendants Mary and Meinrad Jagrup. The burden then shifts to Mary and Meinrad Jagrup to "set forth specific facts showing that a genuine issue of material fact exists and that a reasonable factfinder could rule in [Defendants'] favor" on this claim. *Patterson*, 555 F. App'x at 211. As indicated above, although Mary and Meinrad Jagrup filed an Answer to Mrs. Canton's Amended Cross-Claim, they did not oppose her Motion for Summary Judgment, and submitted no evidence that any genuine issue of material fact exists to preclude summary judgment against them.

Accordingly, the Court will grant Mrs. Canton's Motion for Summary Judgment against Defendants Mary and Meinrad Jagrup on the foreclosure cause of action relating to the Hope Mortgaged Property. As indicated in the February 4, 2016 Memorandum Opinion and Order adjudicating Kennedy's Motion for Default and Summary Judgment, pursuant to the terms of a Subordination Agreement executed on September 19, 2008, the Cantons expressly agreed that their $950,000.00 loan to Oracle was subordinated to Oracle's $820,000.00 Mortgage and Security Agreement to Kennedy on the Hope Mortgaged Property. (Dkt. No. 94 at 22, citing Dkt. No. 83-10). Thus, Kennedy's lien on the Hope Mortgaged Property is superior to that of Mrs. Canton. Kennedy possesses a first priority lien on the Hope Mortgaged Property and Mrs. Canton possesses a second priority lien on the Hope Mortgaged Property.

## IV. CONCLUSION

The Court will grant in part Mrs. Canton's Motion for Summary Judgment to the extent that it seeks summary judgment against Defendants Mary Jagrup and Meinrad Jagrup on the foreclosure cause of action. As the Court has already found, Plaintiff Kennedy holds a first priority lien on the Hope Mortgaged Property, and Mrs. Canton holds a second priority lien on the Hope Mortgaged Property. Mrs. Canton is entitled to foreclose her Second Priority Mortgage on the property.

The Court will deny in part, without prejudice, Mrs. Canton's Motion for Summary Judgment to the extent that she seeks summary judgment against Oracle and Winsbert Jagrup. The Court will permit Mrs. Canton to submit an application for entry of default against Oracle to the Clerk of Court, followed by a Motion for Default Judgment against Oracle and Winsbert Jagrup, as noted in this Memorandum Opinion. *See supra* p. 5, n.3.

An appropriate Order accompanies this Memorandum Opinion.

Date: May 2, 2017                            _____/s/_____
                                             WILMA A. LEWIS
                                             Chief Judge